UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 06-213 -KSF

GERALD RAMSEY                                                              PETITIONER

vs.                          **OPINION AND ORDER**

DORIS DEUTH, Warden                                    RESPONDENT

* * * * * * * *

On July 3, 2006, petitioner Gerald Ramsey ("Ramsey"), pro se, filed a petition for habeas corpus, pursuant to 28 U.S.C. § 2254, challenging his 1999 conviction in Fayette Circuit Court for felon in possession of a handgun, carrying a concealed weapon, and Persistent Felony Offender, First Degree. Consistent with local practice, this matter was referred to United States Magistrate Judge James B. Todd for consideration pursuant to 28 U.S.C. § 636(b). Magistrate Judge Todd filed his Proposed Findings of Fact and Recommendation January 29, 2007, and Petitioner filed his Objections February 8, 2007. The Court now addresses the objections to the proposed findings [DE #17].

I.     FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Ramsey appealed his conviction and sentence of fifteen years to the Kentucky Court of Appeals, which affirmed the conviction June 15, 2001. On February 13, 2002, the Supreme Court of Kentucky denied discretionary review. Ramsey filed a Kentucky RCr 11.42 motion raising claims of ineffective assistance of counsel, which were denied. The Kentucky Court of Appeals affirmed the denial on July 16, 2004, and the Supreme Court of Kentucky denied discretionary review on April 12, 2006. Ramsey also filed a state habeas petition, which was denied July 10, 2003. The Kentucky Court of Appeals affirmed the denial on September 18, 2003, and the Supreme Court of

Kentucky denied discretionary review on December 11, 2003. Ramsey filed his federal habeas petition on July 3, 2006.

## II.     PETITION FOR WRIT OF HABEAS CORPUS

Ramsey raised eight claims in his petition, six of which allege ineffective assistance of counsel. His due process claims that do not include ineffective assistance of counsel are: (1) the trial court's refusal to give an instruction on choice of evils; and (2) his conviction as a first degree persistent felony offender without proof of an essential element of the crime. He claims counsel was ineffective for: (1) allowing amendment of the indictment after his conviction; (2) allowing introduction of illegally seized evidence; (3) permitting the jury to have knowledge of his prior felony conviction; (4) allowing the jury to deliberate without the weapons in the jury room; (5) failing to advise him of his right to testify; and (6) failing to present mitigating evidence at his sentencing.

## III.    MAGISTRATE JUDGE'S FINDINGS OF FACT AND RECOMMENDATION

Magistrate Judge Todd recommended that the petition be denied after thoroughly addressing each of Petitioner's claims in his proposed findings of fact. The claims were properly analyzed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(1) and (d)(2),  and *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000).

The Magistrate Judge concluded that the Kentucky Court of Appeals correctly determined from the evidence at trial that Petitioner was not entitled to a "choice of evils" instruction. Kentucky law regarding "choice of evils" requires a "specific and immediate threat to his person and the danger must be compelling and imminent" such that there is no viable alternative. *Senay v. Commonwealth,* 650 S.W.2d 259, 260 (Ky. 1983). The evidence at trial was that the threats to Petitioner's family were in a different city and months before his arrest, and none of those family members were present when the weapons were found in his car. Thus, there was no specific and immediate threat nor any compelling and imminent danger to warrant such an instruction. Accordingly, the Magistrate Judge concluded Petitioner was not entitled to relief on this claim.

Petitioner's claim regarding the sufficiency of the evidence to support his Persistent Felony Offender ("PFO") conviction was not raised on direct appeal. It was first mentioned in his RCr 11.42 motion. To overcome such a procedural default, Petitioner must show "cause" for the default and "actual prejudice." The Magistrate Judge found that Petitioner failed to show "cause" for his failure to raise this issue on direct appeal. Additionally, there was nothing in the record to suggest that Petitioner was actually innocent. As a consequence, the Magistrate Judge concluded the court is barred from considering this claim.

Petitioner's six claims of ineffective assistance of counsel were analyzed pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984). Despite procedural default on Petitioner's challenge to the alleged post-conviction amendment of the indictment, the Magistrate Judge considered the claim on the merits. The record reflected that there were three prior felony convictions in the indictment to support the charges of felon in possession and PFO. Prior to trial, Petitioner argued that the two 1981 convictions merged for PFO purposes. Accordingly, he argued there were not three separate, prior felonies, as were required to support the felon in possession charge and to enhance the PFO charge to first degree. The Commonwealth responded that Petitioner had yet another felony conviction, Second Degree Escape, that would be used to support the felon in possession charge, leaving two prior felonies in the indictment to enhance the PFO charge. That was the evidence produced at trial. The Magistrate Judge concluded there was no violation of Petitioner's constitutional rights through the use of these three prior felony convictions and, accordingly, no ineffective assistance of counsel arising therefrom.

Petitioner next claimed counsel was ineffective for failure to object to alleged "illegally seized evidence" consisting of two firearms seized from his vehicle. The record shows that counsel moved to suppress the firearms, but the motion was denied. Petitioner now appears to claim counsel was ineffective for not raising on direct appeal the denial of his motion to suppress. Magistrate Judge Todd noted that "appellate counsel is under no constitutional duty to raise every

3

nonfrivolous claim requested by the defendant" and that tactical choices regarding appellate issues are left to the sound judgment of counsel. Accordingly, Magistrate Todd found that Petitioner was not entitled to habeas corpus relief on this claim.

Petitioner next claims a denial of due process and ineffective assistance of counsel when the jury was informed of his prior felony conviction. A prior felony conviction is an element of the offense of felon in possession of a handgun and was required proof at trial. The Kentucky Court of Appeals noted this issue should have been raised on direct appeal, but, in any event, the evidence was properly presented to the jury. Magistrate Judge Todd found that the Court of Appeals was correct as a matter of state law, and that state law regarding the elements of an offense is binding on federal courts.

Petitioner next claimed ineffective assistance of counsel because the jury did not take the firearms with them during deliberations. The Kentucky Court of Appeals found this argument to be frivolous and noted Petitioner's failure "to demonstrate even a remote possibility that any alleged action or inaction on the part of his counsel could have impacted the outcome of the trial." Magistrate Judge Todd found this determination to be reasonable based on the facts in the record. Moreover, he noted that the jury was informed the weapons would be made available at any time if it wanted to see them. In response to Petitioner's claim that the jury would have found the guns did not work and, thus, would not have found him guilty of "knowingly" possessing them, the Magistrate Judge found the evidence at trial showed the guns could be fired and Petitioner had ammunition inside the car. He also found the evidence of knowing possession was overwhelming in that Petitioner told the police the handgun was located under the front seat on the driver's side of the car. Having the guns in the jury room would not have affected the jury's decision regarding Petitioner's mental state.

Petitioner's next claim of ineffective assistance of counsel was that he was not advised of his right to testify and that Kentucky Rule of Evidence ("KRE") 609 would preclude impeachment

4

by his six prior felony convictions because of their age. The Court of Appeals rejected this argument because the jury was already aware of three of Petitioner's prior felony convictions as elements of the offenses charged. Thus, the prohibition of KRE 609 was not applicable. The Magistrate Judge also found that counsel moved prior to trial to prohibit impeachment by ten-year-old felonies pursuant to KRE 609. He further found that Petitioner stated at the time of his arrest that he had the guns "because of the marijuana" in the car. Counsel was effective in getting this statement suppressed prior to trial because of the drug reference; however, any inconsistent statement by Petitioner at trial would have made the statement admissible for impeachment. Petitioner said he would have testified at trial that he did not exercise any control over the gun; thus, opening the door to impeachment with his statement as to why he had the guns in the car. The Magistrate Judge concluded that counsel was not ineffective for not advising Petitioner to testify at his trial.

Petitioner's last claim of ineffective assistance is that counsel did not present mitigating testimony from his friends, co-workers and employers at his sentencing. In support, he provides several letters reflecting evidence he claims trial counsel could have elicited. The Court of Appeals rejected this claim since all of the letters were written long after trial and were not of a magnitude to create a reasonable probability of changing the result of trial. It also noted that counsel did present mitigating evidence. The Magistrate Judge noted the mitigating evidence in the record and counsel's closing argument urging leniency, all of which made the same points as made in the letters. Regarding the letter from a psychologist who never treated Petitioner but mentioned alcohol problems, the Magistrate Judge found it was a reasonable tactical decision to forego this evidence and rely for leniency, instead, on the age and non-violent nature of his prior offenses. Evidence of recent alcohol or drug abuse could undercut this stronger mitigating evidence. Finally, the Magistrate Judge found that Petitioner has not shown any prejudice from counsel's allegedly ineffective assistance, since the Commonwealth's case was overwhelming.

For all of the foregoing reasons, the Magistrate Judge concluded that Petitioner has not established that the state court decisions regarding Petitioner's claims were (a) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or (b) were based on an unreasonable determination of the facts in light of the evidence presented in the state court.

IV. **PETITIONER'S OBJECTIONS TO THE PROPOSED FINDINGS OF FACT AND RECOMMENDATION AND ANALYSIS THEREOF**

Petitioner's first objection pertains to his claim of ineffective assistance of counsel on appeal for failure "to raise the issue of illegally seized evidence" [DE #17, p. 2]. Despite the Magistrate Judge's conclusion that Petitioner had failed to show prejudice associated with this claim, Petitioner rehashes at length (pp. 2-7) his arguments that his Fourth Amendment rights were violated when he was arrested and the guns seized. When he finally addresses the Magistrate Judge's findings, Petitioner responds only with the conclusion that, had this issue been raised on direct appeal, it "more likely than not would have resulted in the vacating of Petitioner's wrongful convictions" [*id.* at 8]. He further concludes that the authorities cited by the Magistrate Judge are "not applicable to Petitioner's instant claim." Such bald assertions and conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See, e.g., Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006); *Prince v. Straub*, 78 Fed. Appx. 440, 442 (6th Cir. 2003). *Strickland v. Washington*, 466 U.S. 668 (1984) requires a showing of prejudice, which Petitioner has failed to do.

Petitioner's second objection relates to amendment of the indictment regarding his prior felony convictions. He objects that "**all** of Petitioner's prior convictions" were used to charge him as a first degree PFO (p. 8; emphasis in original). The record refutes this allegation, as Petitioner had six prior felony convictions, but only three were stated in the indictment. He next claims that one of his prior convictions was used both for the charge of possession of a handgun by a felon and for the charge of PFO first degree. He argues now that his conviction for Second Degree Escape, which was used to prove possession of a handgun by a convicted felon, merged with his other 1981

6

convictions because the sentences were concurrent or uninterrupted consecutive terms of imprisonment (p. 11). In support he relies upon KRS 532.080(4) which does say that two convictions with uninterrupted consecutive terms of imprisonment "shall be deemed only one conviction" for PFO enhancement purposes. However, Petitioner omits critical language following his quoted portion of the statute. It continues "unless one of the convictions was for an offense committed while that person was imprisoned." *Id.* "Escape in the second degree" is defined as follows: "A person is guilty of escape in the second degree when he escapes from a detention facility or, being charged with or convicted of a felony, he escapes from custody." KRS § 520.030. Thus, the escape conviction would not merge as Petitioner claims. Moreover, Petitioner procedurally defaulted on this claim and has failed to show "cause" and "actual prejudice" necessary to overcome the bar against a federal habeas court consideration of the claim.

Petitioner next objects to the Magistrate Judge's findings regarding the claim of ineffective assistance of counsel for allowing him to be convicted as a first degree PFO based upon insufficient evidence. Petitioner states, without any factual or legal basis, that the Court of Appeals "concluded, erroneously, that the issue should have been presented in Petitioner's direct appeal...." (p. 13) Petitioner makes no effort whatsoever to distinguish the substantial Kentucky authorities cited for this fundamental proposition on page 9 of the Magistrate Judge's report. Petitioner's subsequent conclusion that the Magistrate Judge "erroneously agreed with the State court of appeals" does not warrant further comment. Petitioner certainly does not demonstrate "cause" and "prejudice" to overcome his procedural fault. *See Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).

Petitioner objects to the Magistrate Judge's findings regarding the jury having knowledge of his prior felony convictions. Petitioner claims the appellate court erroneously concluded that this issue should have been raised in his direct appeal and that the Magistrate Judge erroneously found that the Kentucky Court of Appeals is correct as a matter of law. Petitioner provides no basis for this bald assertion. He does say that his claim was that "the jury was informed of prior felony

convictions, **not** the 'elements' of the offense" [p. 15, emphasis in original]. This is a distinction without a difference.

Petitioner objects that "the jury was not permitted to take the pistol into the deliberation room" (p. 15). The record reflects that the jury was advised the gun was available if they wanted to see it. Petitioner reasserts his defense: "Was the pistol real or a toy?" The evidence at trial showed that the gun was a working firearm. Petitioner again asserts that the Magistrate Judge "erroneously agreed with the State Court of Appeals," but he provides no evidence of any error (p. 16). He also objects to the Magistrate Judge's interpretation of *United States v. Burrell*, 963 F.2d 976, 982-983 (7th Cir. 1992). While Petitioner is technically correct regarding the factual issue in *Burrell*, his distinction does nothing to further his own case. Accordingly, there is no basis for habeas corpus relief on this claim.

Petitioner's sixth objection is largely a rehash of his argument that he was not advised that KRE 609(b) barred impeachment by convictions more than ten years old and he would have testified that he did not "knowingly" possess the .380 pistol if he was aware of this prohibition. Petitioner claims the Court of Appeals opinion that the jury was otherwise advised of his prior felonies as elements of the charges against him is flawed because he could not have been forced to testify against himself (p. 17). He argues the Magistrate Judge's findings suffer from the same flaw (p. 18). First, the prosecution proved Petitioner's prior convictions without his ever taking the stand. Obviously, he was not required to testify against himself in order for these prior convictions to be proven. His objection misapprehends the issue. Second, the trial court had discretion to allow the impeachment, despite the age of the convictions. *McGinnis v. Commonwealth*, 875 S.W.2d 518, 528 (Ky. 1994) ("KRE 609 does not, by its terms, divest the trial court of a limited discretion to admit a conviction more than ten years old.") Third, the Magistrate Judge correctly analyzed the likelihood that, if Petitioner had testified that he did not knowingly possess the handgun, he would have been impeached with his statements at the time of his arrest that he had the gun because of the drugs

in the car and that the gun was under the front seat on the driver's side of the car. Petitioner cannot show "prejudice" arising from counsel's alleged failure to advise him regarding impeachment by prior convictions when the jury was already aware of the prior convictions, and the alternative Petitioner proposes would have opened the door to impeachment with far more damaging evidence.

Petitioner's last objection relates to counsel's alleged failure to present mitigating evidence. However, Petitioner does not object to the Magistrate Judge's findings in this regard; he only argues that the Kentucky Court of Appeals opinion was "flawed." The Court agrees with the Magistrate Judge's conclusions and his reliance on relevant case law.

For all of the foregoing reasons, the proposed findings of fact and recommendation of Magistrate Judge Todd will be adopted by the Court.

**V.     CONCLUSION**

The Court, being otherwise fully and sufficient advised, **HEREBY ORDERS** that Magistrate Judge Todd's Proposed findings of Fact and Recommendation [DE #15] are **ADOPTED IN FULL** as and for the Opinion of the Court, and Judgment will be entered contemporaneously with this Order.

In determining whether a certificate of appealability should issue as to the petitioner's claims, the Court turns to Slack v. McDaniel, 529 U.S. 473 (2000), for guidance. In that case, the United States Supreme Court held that

> [w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) [governing the issuance of certificates of appealability] is straightforward:  The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

Id. at 484. In the present case, the Court determines that the petitioner has not presented a close

9

call or one which is "debatable." Therefore, a certificate of appealability will not issue. Pursuant to 28 U.S.C. § 1915, Petitioner may not appeal this Order in forma pauperis, as no such appeal can be taken in good faith.

    This February 20, 2007.

Signed By:

*Karl S. Forester* KSF

**United States Senior Judge**